**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 2:12-CV-208-JRG-RSP |
| | ) |
| v. | ) Consolidated Case |
| | ) |
| Fifth Third Bancorp and Fifth Third Bank, | ) Jury Trial Demanded |
| Defendants. | ) |
| | ) |
| | ) |

**FIFTH THIRD BANCORP'S AND FIFTH THIRD BANK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT OF PHOENIX LICENSING, L.L.C. AND LPL LICENSING, L.L.C.**

Defendants Fifth Third Bancorp and Fifth Third Bank (collectively, "Fifth Third"), by and through their undersigned counsel, hereby answer the Second Amended Complaint for Patent Infringement ("the Second Amended Complaint") of Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. ("Plaintiffs") as follows:

### Introduction

1.     Fifth Third admits that according to the online records of the United States Patent and Trademark Office, the listed patents exist, are named as alleged, and are assigned to Phoenix Licensing, LLC.  Fifth Third denies the remaining allegations of paragraph 1.

2.     Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.

3.     Denied.

4.     Fifth Third admits that Plaintiffs seek damages and an injunction.  Fifth Third denies any remaining allegations of paragraph 4.

### Jurisdiction and Venue

5.     Admitted.

6.      Denied.

## Plaintiffs Phoenix and LPL

7.      Fifth Third admits that according to the online records of the Arizona Secretary of State, Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business in Scottsdale, Arizona.  Fifth Third denies any remaining allegations of paragraph 7.

8.      Fifth Third admits that according to the online records of the Arizona Secretary of State, LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.  Fifth Third denies any remaining allegations of paragraph 8.

## Fifth Third

9.      Admitted.

10.      Admitted.

## Alleged Infringement of the '434 Patent

11.      Fifth Third hereby repeats and incorporates by reference each of its answers to paragraphs 1–10 of the Second Amended Complaint as if fully set forth herein.

12.      Fifth Third admits that according to the records of the United States Patent and Trademark Office, the United States Patent and Trademark Office issued the '434 patent on November 16, 1999 and that a copy of what appears to be the '434 patent was attached as Exhibit A to the Second Amended Complaint.  Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 12.

13.      Fifth Third admits that Plaintiffs purport to incorporate Plaintiffs' Contentions into the Second Amended Complaint.  Fifth Third denies any remaining allegations in paragraph 13, including any allegations contained in Plaintiffs' Contentions.

14.      Denied.

15.      Denied.

16.     Denied.

17.     Fifth Third admits that Plaintiffs purport to demand trial by jury of all issues

relating to their claims regarding the '434 patent.  Fifth Third admits that Plaintiffs are entitled to

trial by jury on all issues triable by jury.  Fifth Third denies any remaining allegations of

paragraph 17.

### Alleged Infringement of the '938 Patent

18.     Fifth Third hereby repeats and incorporates by reference each of its answers to

paragraphs 1–17 of the Second Amended Complaint as if fully set forth herein.

19.     Fifth Third admits that according to the online records of the United States Patent

and Trademark Office,  the United States Patent and Trademark Office issued the '938 patent on

February 14, 2006 and that a copy of what appears to be the '938 patent was attached as Exhibit

B to the Second Amended Complaint.  Fifth Third lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations of paragraph 19.

20.     Fifth Third admits that Plaintiffs purport to incorporate Plaintiffs' Contentions

into the Second Amended Complaint.  Fifth Third denies any remaining allegations in paragraph

20, including any allegations contained in Plaintiffs' Contentions.

21.     Denied.

21.[1]     Denied.

22.     Denied.

23.     Fifth Third admits that Plaintiffs purport to demand trial by jury of all issues

relating to their claims regarding the '938 patent.  Fifth Third admits that Plaintiffs are entitled to

---

[1] The Second Amended Complaint contains two paragraphs numbered "21."  As set forth
herein, Fifth Third denies the allegations of both.

trial by jury on all issues triable by jury.  Fifth Third denies any remaining allegations of paragraph 23.

### Alleged Infringement of the '366 Patent

24.     Fifth Third hereby repeats and incorporates by reference each of its answers to paragraphs 1–23 of the Second Amended Complaint as if fully set forth herein.

25.     Fifth Third admits that according to the online records of the United States Patent and Trademark Office,  the United States Patent and Trademark Office issued the '366 patent on February 15, 2011 and that a copy of what appears to be the '366 patent was attached as Exhibit C to the Second Amended Complaint.  Fifth Third lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 25.

26.     Fifth Third admits that Plaintiffs purport to incorporate Plaintiffs' Contentions into the Second Amended Complaint.  Fifth Third denies any remaining allegations in paragraph 26, including any allegations contained in Plaintiffs' Contentions.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Fifth Third admits that Plaintiffs purport to demand trial by jury of all issues relating to their claims regarding the '366 patent.  Fifth Third admits that Plaintiffs are entitled to trial by jury on all issues triable by jury.  Fifth Third denies any remaining allegations of paragraph 30.

### Affirmative Defenses

31.     **First Affirmative Defense:**  One or more claims of the Patents are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

32.    **Second Affirmative Defense:**  Fifth Third does not infringe any valid and enforceable claim of the Patents.

33.    **Third Affirmative Defense:**  If the Plaintiff is entitled to damages (which Fifth Third expressly denies), those damages are limited by 35 USC § 286.

34.    **Fourth Affirmative Defense:**  Plaintiff's claim for injunctive relief is barred by the doctrines of laches, estoppel, and/or equitable estoppel.

## COUNTERCLAIM – DECLARATORY JUDGMENT

Defendants and Counterclaim Plaintiffs Fifth Third Bancorp and Fifth Third Bank (collectively, "Fifth Third"), by and through their attorneys, counterclaim and allege against Plaintiffs and Counterclaim Defendants Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. ("Phoenix"), as follows:

### Parties

1.    Fifth Third Bancorp and Fifth Third Bank are Ohio Corporations, each with a principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

2.    Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business in Scottsdale, Arizona.

3.    LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.

### Nature of the Action and Jurisdiction

4.    This is a Counterclaim for a judgment declaring that the claims of U.S. Patent No. 5,987,434 ("the '434 patent"), U.S. Patent No. 6,999,938 ("the '938 patent"), and U.S. Patent No. 7,890,366 ("the '366 patent") (collectively, "the Asserted Patents") are invalid and/or not infringed by Fifth Third.

5.     This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under 38 U.S.C. §§ 1331 and 1338(a), and further under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

6.     Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. have admitted that this Court has personal jurisdiction over them by filing the instant lawsuit.

7.     Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. have admitted that venue is proper in this Court by filing the instant lawsuit.

## Actual Controversy

8.     An actual and justiciable case and controversy exists between Fifth Third and Phoenix by virtue of Phoenix's filing of the instant lawsuit.

## Count I – Declaration of Invalidity of the '434 Patent

9.     Fifth Third repeats and realleges each of the allegations of paragraphs 1–8 as if set forth fully herein.

10.     The '434 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## Count II – Declaration of Noninfringement of the '434 Patent

11.     Fifth Third repeats and realleges each of the allegations of paragraphs 1–10 as if set forth fully herein.

12.     Fifth Third's products and services do not infringe any properly construed claim in the '434 patent.

## Count III – Declaration of Invalidity of the '938 Patent

13.     Fifth Third repeats and realleges each of the allegations of paragraphs 1–12 as if set forth fully herein.

14.     The '938 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Count IV – Declaration of Noninfringement of the '938 Patent

15.     Fifth Third repeats and realleges each of the allegations of paragraphs 1–14 as if set forth fully herein.

16.     Fifth Third's products and services do not infringe any properly construed claim in the '938 patent.

### Count V – Declaration of Invalidity of the '366 Patent

17.     Fifth Third repeats and realleges each of the allegations of paragraphs 1–16 as if set forth fully herein.

18.     The '366 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Count VI – Declaration of Noninfringement of the '366 Patent

19.     Fifth Third repeats and realleges each of the allegations of paragraphs 1–18 as if set forth fully herein.

20.     Fifth Third's products and services do not infringe any properly construed claim in the '366 patent.

### Prayer for Relief

Defendant and Counterclaim Plaintiff Fifth Third respectfully requests that:

A.     Phoenix's Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Fifth Third.

B.     United States Patent Number 5,987,434 be adjudged and decreed invalid.

C.      Fifth Third be adjudged and decreed not to have infringed, contributorily infringed, or induced infringement of United States Patent Number 5,987,434.

D.      United States Patent Number 6,999,938 be adjudged and decreed invalid.

E.      Fifth Third be adjudged and decreed not to have infringed, contributorily infringed, or induced infringement of United States Patent Number 6,999,938.

F.      United States Patent Number 7,890,366 be adjudged and decreed invalid.

G.      Fifth Third be adjudged and decreed not to have infringed, contributorily infringed, or induced infringement of United States Patent Number 7,890,366.

H.      The Court award to Fifth Third such other and further relief as the Court may deem just and proper under the circumstances.

## **Jury Demand**

Defendant and Counterclaim Plaintiff Fifth Third hereby demands a trial by jury on all issues triable by jury.

Respectfully submitted this 9th day of October, 2012.

 _/s/ Jonathan Giroux_
Allan J. Sternstein
Illinois State Bar Number 2728966
Jonathan Giroux
Illinois State Bar Number 6306024
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 Telephone
(312) 876-1155 Facsimile
jgiroux@dykema.com
asternstein@dykema.com

William D. Cramer
Texas State Bar Number 00790527
Dykema Gossett PLLC
1717 Main Street, Suite 4000
Dallas, Texas 75201
214-462-6400 Telephone
214-462-6401 Facsimile
wcramer@dykema.com

*Attorneys for Defendants Fifth Third Bancorp and Fifth Third Bank*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) this the 9th day of October, 2012.


*/s/ Jonathan Giroux*
Jonathan Giroux